UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNETH PEDEN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:15-CV-094 JM |
| vs. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Kenneth Peden, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (IYC 14-08-038) that was held at the Plainfield Correctional Facility on August 29, 2014. The Disciplinary Hearing Officer (DHO) found him guilty of Assault on Staff in violation of A-117 and sanctioned him with the loss of 360 days earned credit time and demotion to Credit Class 3. Peden lists four grounds in his petition.

In Ground One, Peden argues that this false conduct report was written because he fled from staff, but that there is no evidence that he assaulted staff. However, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Therefore, the motivation for filing the charge against him is not a basis for habeas corpus relief. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The conduct report states, "As Offender Peden was in the throwing motion he struck this Sergeant in the facial area under the nose with his right forearm." (DE # 1-1 at 4.) The officer's statement that Peden struck the officer in the face is sufficient evidence to find that he was guilty of having assaulted staff. However, the video evidence also corroborated the officer's statement. After reviewing the video, the DHO wrote, "as [Peden] makes the throwing motion he strikes Sgt. McCoy in the face with his forearm." Therefore Ground One provides no basis for habeas corpus relief.

In Ground Two, Peden argues that he had a limited ability to call witnesses and present evidence. Though true, this is not a basis for habeas corpus relief because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). He argues that he was not shown all of the evidence used against him. Again, though it is true that he was not allowed to see the video, that

is not a basis for habeas corpus relief because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Peden also argues that he was denied the ability to obtain a statement from an offender because he had been released. However, the DHO did not have the power to compel a response from someone outside the prison. *See White*, 266 F.3d at 768. Moreover, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Thus, to the extent that the released inmate would have merely duplicated the statement given by him and his other inmate witness (DE # 1-1 at 6), Peden was not denied due process because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In Ground Two, Peden also argues that he was not provided with a written statement of the reason for the decision. However, the written statement requirement is "not onerous" and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the DHO wrote, "DHB considers all evidence to include statement of offender, photo video recording, witness statements, staff reports and finds Peden #202664 Guilty of 117A and cite egregious sanctions." (DE # 1-1 at 3.) This explanation was sufficient and Ground Two is not a basis for habeas corpus relief.

In Grounds Three and Four, Peden argues that the hearing officer was not impartial.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Peden complains that the DHO was biased because the hearing report had been filled out and signed before the hearing began and because the DHO believed the testimony of guards rather than inmates.

Though it was certainly inappropriate for the DHO to have filled out the paperwork before the hearing started, doing so in this case was clearly harmless. *See Piggie v. Cotton*, 342 F.3d 660 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceedings.). The uncontradicted evidence shows that Peden struck the guard while fleeing and throwing away something prison authorities wanted to retrieve from him. Peden's inmate witness states that, "they ran right into each other" (DE # 1-1 at 6) and Peden testified that "it wasn't intentional." (DE # 1-1 at 3.) In his appeal, Peden wrote, "that the alleged assault occurred in the process of throwing an

object. This makes the contact with the officer incidental and not an attack." (DE # 1-1 at 1.) Peden assumes that because he did not intend to hit the officer, he is not guilty. However, criminal recklessness is a crime, *see* Ind. Code 35-42-2-2, and there is no reason that prison officials cannot discipline inmates for similarly reckless behavior. As such, neither Grounds Three or Four are a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

**SO ORDERED.**

Date: October 8, 2015

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT